ROBERT L. BLAND, Judge.
Claimant C. V. Dauenheimer, a resident of Harrison county, West Virginia, seeks an award against the state road commission in the sum of $100.88 to compensate him for the damage done to his automobile, a 1947 Dodge convertible coupe, which was parked at the far edge of a wide berm on u. s. route No. 19, near the entrance to a county road leading to the farm of Moore M. Reynolds, one mile north of the city of Clarksburg, Harrison county, West Virginia, and while so parked was backed into by a road commission truck operated by a road commission employe. The road commission denies all responsibility for the damage done to claimant’s said car. The material facts developed upon the hearing and investigation of said claim are hereinafter set out.
On the evening of November 28, 1950, claimant, (then a student at West Virginia university) drove his automobile from Morgantown to Harrison county. It was snowing heavy that night. Claimant proceeded as far as the road leading to the Reynold’s property. When he arrived at that point on the road *49 he encountered a high wall shoveled up by snowplows coming up and down route 19. He was able to break through this snow wall but got only as far as the mail box. His automobile was then parked, facing south on route 19. The following morning it was still snowing. Claimant’s car was “snowed under” and could not be seen. There was no traffic on the road, no buses, no automobiles or anything moving. A heavy snowstorm prevailed. The road commission sent a grader to the point near where claimant’s car was parked to clear the “county road” and “it hung up in a snowdrift.” The commission then sent a state road truck to “pull the grader out.” On the way out this truck “backed in” and damaged the right side of claimant’s car. The amount claimed by claimant as compensation for the damage done to his car is reasonable. Some days subsequent to the accident W. A. Drummond, an employe of the road commission and a helper on the road truck, which truck was driven and operated by one Robert Windon, informed Mr. Moore Reynolds that claimant’s car was entirely covered by snow and that it was supposed by this road crew to be a pile of cinders. No one on the road truck knew that the claimant’s car was parked or that it had been struck by the road commission crew. No person in the employ of the road commission reported the accident to the commission. Claimant himself did not inform or give notice to the commission that his car had been damaged as herein shown. In fact the only step taken by him was to file his claim against the road commission in the court of claims.
Under authority of law the state road commission is authorized to purchase and carry insurance for the benefit and protection of its motor vehicle drivers. Chapter -6, article 12, ■ section 1, Michie’s code, reads as follows:
“Officers, boards, commissions or agencies of the state or of any county, municipality or any other unit of local or state government, authorized to spend public funds, or to direct the expenditure of public funds, may provide at public expense for bodily injury liability and property damage liability insurance against the negligence of the drivers of motor vehicles operated by or for such officers, boards, commissions and agencies in such amount as such officers, boards, commissions and agen *50 cies may specify, and any such officer, board, commission or agency having the authority to contract for the use in the service of such officer, board, commission or agency, of any motor vehicle, may require the contractor to provide like insurance at his own expense in such amount and as such officer, boards, commissions or agency may specify.”
The state road commission carries insurance as above authorized. The insurance policy, issued in favor of Ray Cavendish, state road commissioner, provides indemnity under the following coverage.
“It is hereby understood and agreed that such insurance as is afforded by this policy covers PASSENGER OPERATORS of PASSENGER AUTOMOBILES, STATION WAGONS, all types of TRUCKS, MOTOR GRADERS, TRUCK SHOVELS, HIGHWAY MOWING MACHINES, ENDLOADERS, JEEPS, BLOWERS AND SWEEPERS, while such equipment is being operated under its own power by an employee of the Unit of Government named in this policy.
During the past year the road commission paid out in premiums for such insurance $78,000.00.
Claims with respect to which a proceeding may be maintained by or on behalf of the claimant in the courts of the state are expressly excluded from the jurisdiction of the state court of claims by subsection 7 of section 14 of the court act.
Claimant has a remedy in the courts of the state against Robert Windon, the operator of the road commission truck which backed into his car and caused the damage of which he complains. Robert Windon is suable. If he shall elect to proceed against him in a court of law of the state he should do so before the 28th day of November, 1951. If he should reduce his claim against Windon to judgment it would be paid by the insurance company.
Since it is made clearly to appear that the court of claims is without jurisdiction in the instant case, the claim is dismissed.